**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 24 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVON DAVIES, | No. 18-16848 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02831-MCE-CKD |
| v. | |
| CROSSON, Dr., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

California state prisoner Avon Davies appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Davies failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to Davies's eye-related medical issues. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We reject as unsupported by the record Davies's contentions that he alleged a due process claim and that the district court erred by failing to consider it.

To the extent Davies appeals the district court's September 21, 2017 order denying his motion for a preliminary injunction, it was previously affirmed by this court in *Davies v. Crosson*, 731 Fed. App'x 681 (9th Cir. 2018), and cannot be reexamined. *See S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided by the same court . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16848